USDC SCAN INDEX SHEET

















LMH    9/24/04    11:05

3:04-CV-01378   HEMOCUE AB V. STANBIO LABORATORY

*8*

*OBJ.*

ORIGINAL

1 | GREGORY B. WOOD (Bar No. 068064)    04 SEP 23 PM 12: 34
**FULBRIGHT & JAWORSKI L.L.P.**
2 | 865 South Figueroa Street, 29th Floor
Los Angeles, California 90017    CLERK U.S. DISTRICT COURT
3 | Telephone: (213) 892-9200    SOUTHERN DISTRICT OF CALIFORNIA
Facsimile: (213) 680-4518
4 |                                         BY                    DEPUTY

5 | PAUL KRIEGER (Tex No. 11726470)
EDWARD STEAKLEY (Tex. No. 24010423)
6 | **FULBRIGHT & JAWORSKI L.L.P.**
1301 McKinney
7 | Suite 5100
Houston Texas 77010-3095

8 | Attorneys for Plaintiffs
Hemocue AB and Hemocue, Inc.
9 |

10 |        IN THE UNITED STATES DISTRICT COURT

11 |    FOR THE SOUTHERN DISTRICT OF CALIFORNIA    "BY FAX"

12 | HEMOCUE AB; HEMOCUE, INC.,    ) Case No. 04 CV 1378 BEN (AJB)
13 |        Plaintiffs,                    )
)
14 |    v.                              ) **OBJECTION TO LETTER**
) **AND REQUEST TO**
15 | STANBIO LABORATORY, L.P.;    ) **DISREGARD OR**
EKF-DIAGNOSTIC GMBH,    ) **OTHERWISE STRIKE**
16 |                                    )
17 |        Defendants.                 )
)

18 |

19 |

20 |        Plaintiffs Hemocue AB and Hemocue, Inc. are prepared and intend to

21 | participate in the Early Neutral Evaluation ("ENE") conference on October 6, 2004

22 | in compliance with the ENE Order of September 16, 2004. The ENE conference is

23 | not only timely but appropriate. While this particular suit was only recently filed,

24 | this dispute has persisted since Stanbio initiated a Declaratory Judgment action over

25 | a year ago.[1] For over a year since the dispute arose, procedural posturing has

26 | dominated. It is time for the parties to face the substantive issues and determine if a

27 |

28 | [1] That DJ action was initiated in Texas and is the subject of a pending motion to dismiss for lack of jurisdiction on the grounds that there had been no infringement and no threat of infringement that would give rise to declaratory judgment jurisdiction.

1  settlement can be reached at this early stage before significant legal fees and costs

2  are incurred. If settlement can be reached or even if the outcome of the ENE

3  conference is to define issues more clearly, the time and effort of the parties will

4  have been well spent.

5      Stanbio's attempt to delay the ENE conference is really an effort to avoid

6  having the ENE conference entirely. Stanbio has already indicated that it intends to

7  move to transfer this case to another jurisdiction and that the delay in the ENE

8  conference would allow time for that motion to be filed and decided before any

9  ENE conference could be held, thus prolonging the already year-old procedural

10  posturing. To fail to seize the moment and thereby loose the opportunity for the

11  parties to meet with the Court and discuss settlement frankly and openly would be

12  unfortunate indeed. Consequently, Stanbio Laboratory's letter requesting a delay of

13  the ENE conference should be rejected.

14      Procedurally, Plaintiffs also object to Stanbio Laboratory's letter and request

15  that that letter be stricken and disregarded. The Order Setting Early Neutral

16  Evaluation explicitly states that any request to continue the ENE conference "must

17  be sought by ex parte application." Stanbio's letter is not an ex parte application.

18  The ex parte application is also required to be supported by a declaration setting

19  forth the reasons and justifications for the relief requested. See Civil Rule 83.3(h).

20  Stanbio's request is not supported by any declaration. An ex parte application must

21  also be supported by a proposed order. See Civil Rule 7.1(e)(6). There is no

22  proposed order. The letter was also filed without any prior notice to Plaintiffs'

23  counsel or prior disclosure of the bases of the request. Finally, the request was

24  improper because it was an attempt to communicate with the Court by ex parte

25  letter. The rules prohibit such communications because of the inherent unfairness

26  of seeking relief by "letter." See Civil Rule 83.9.

27      Plaintiffs also object to Stanbio's letter as being without substantive merit.

28  Stanbio complains that all parties have not yet appeared. This is irrelevant under

      2      

1    Civil Rule 16.1(C)(1). Here, whether or not EKF has appeared, an ENE conference

2    would be worthwhile for the reasons stated above. Furthermore, it is anticipated

3    that EKF will appear and should be ordered to do so. They have been served and

4    EKF's answer is believed to be due on September 24, 2004. However, even

5    without an answer, EKF has been involved in this dispute for over a year and is

6    fully informed and able to participate meaningfully. Consequently, all parties can

7    and should participate even if EKF has not answered.[2]  Finally, under the Civil

8    Rules, it is not necessary for EKF to have filed an answer for EKF to participate in

9    the ordered ENE conference. See Civil Rule 16.1.

10    Stanbio complains that there would be a cost associated with traveling to San

11    Diego. However, this argument is of no consequence. Whether the ENE takes

12    place as scheduled or is delayed 45 days, the cost will be the same unless the delay

13    results in no ENE conference at all. If that is the result, the cost of proceeding with

14    discovery will result in a cost far greater than the airline ticket from Texas to San

15    Diego.

16    Finally, Stanbio is incorrect in its characterization of the legal action in

17    Texas. First, EKF Diagnostics is not even a party to the case in Texas. Second,

18    Stanbio's argument that it intends to file a motion to dismiss proves the point made

19    above that Stanbio does not intend to simply delay but intends to avoid the ENE

20    conference altogether. Such a strategy would be a disservice to all parties and to

21    the Court. It is noted that Plaintiffs believe venue for this patent suit is proper in

22    San Diego. That is where the sales of the infringing goods have taken place.

23    Plaintiffs have no information or knowledge of any infringing activity taking place

24    in Texas. The status of the case in Texas is also problematic. While the magistrate

25    has recommended denial of Plaintiffs' motion to dismiss for lack of declaratory

26

27    [2] EKF requested an extension of time to answer, which Plaintiffs were willing to grant as an
     accommodation. Plaintiffs are not now willing to grant such an extension of time if Defendants

28    are going to use that accommodation as a sword to justify delaying the ENE conference or
     otherwise justifying a refusal by EKF to appear.

1    judgment jurisdiction, Plaintiffs' have filed an objection to that recommendation

2    with the court and a decision on the motion to dismiss is still pending.  Even if the

3    case is ultimately transferred, the benefits of the ENE conference will remain

4    because the dispute will remain unless early settlement opportunities can be

5    explored.

6         For each of the above reasons, Plaintiffs respectfully request that Stanbio's

7    letter to the Court be disregarded and stricken and the ENE conference go forward

8    on October 6, 2004 as ordered.

9

10

11   DATED:  September 23, 2004        Respectfully submitted,

12

13                                    By

14                                       Gregory B. Wood
                                         FULBRIGHT & JAWORSKI L.L.P.

15                                    Attorneys for Plaintiffs
                                      HEMOCUE AB; and HEMOCUE, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Susan Crippen, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 865 South Figueroa Street, 29th Floor, Los Angeles, California 90017. On September 23, 2004, I served a copy of the within document(s):

**OBJECTION TO LETTER AND REQUEST TO DISREGARD OR OTHERWISE STRIKE**

☒ By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date.

☒ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ By placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery as addressed below:

☐ By hand delivering (Worldwide Attorney Services, Inc.) the document(s) listed above to the person(s) at the address(es) set forth below.

Callie A. Bjurstrom, Esq.
Luce, Forward, Hamilton & Scripps LLP
600 West Broadway
Suite 2600
San Diego, CA 92101-3372
Fax: (619) 232-8311

Mark H. Miller, Esq.
Jackson Walker L.L.P.
112 East Pecan Street
Suite 2100
San Antonio, TX 78205
Fax: (210) 978-7790

1
2  Jody L. Factor, Esq.
   Factor & Lake, Ltd.
3  1327 W. Washington Blvd.
   Suite 5G/H
4  Chicago, IL 60607
   Fax: (312) 226-1919
5
6      I am readily familiar with the firm's practice of collection and processing

7  correspondence for mailing. Under that practice it would be deposited with the

8  U.S. Postal Service on that same day with postage thereon fully prepaid in the

9  ordinary course of business. I am aware that on motion of the party served, service

10 is presumed invalid if postal cancellation date or postage meter date is more than

11 one day after date of deposit for mailing in affidavit.

12     I declare that I am employed in the office of a member of the bar of this court

13 at whose direction the service was made.

14     Executed on September 23, 2004, at Los Angeles, California.
15
16                              _Susan Crippen_
17                                 Susan Crippen
18
19
20
21
22
23
24
25
26
27
28

DOCUMENT PREPARED
ON RECYCLED PAPER

25456041.2                    2                    Case No. 04CV1378 BEN (AJB)