USDC SCAN INDEX SHEET

















JAH 10/5/04 11:26

3:04-CV-01378 HEMOCUE AB V. STANBIO LABORATORY

*11*

*P/A.*

Callie A. Bjurstrom, State Bar No. 137816
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for Defendant Stanbio Laboratory, L.P.

FILED
04 OCT -4 PM 1:44
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEMOCUE AB; HEMOCUE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>STANBIO LABORATORY, L.P.; EKF - DIAGNOSTIC GMBH,<br><br>Defendants. | Case No. 04CV1378 BEN (AJB)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STANBIO LABORATORY, L.P.'S MOTION TO DISMISS, TRANSFER AND/OR STAY<br><br>Date: April 22, 2005<br>Time: 10:30 a.m.<br>Ctrm.: 3<br>Judge: Honorable Roger T. Benitez |

Defendant Stanbio Laboratory, L.P. ("Stanbio") submits this memorandum of points and authorities in support of its motion to dismiss, transfer, and/or to stay this action filed by plaintiffs, Hemocue AB and Hemocue, Inc. ("Plaintiffs or Hemocue"), in light of a prior pending action in another federal district court involving identical issues and claims and substantially the same parties.

# I.

# INTRODUCTION

In what can only be viewed as a blatant attempt at forum shopping, Plaintiffs have filed this Complaint for patent infringement and unfair competition in this District (the "California Action"), despite the fact that they are defendants in an action involving the same patent, the same

issues and substantially the same parties in the United States District Court for the Western District of Texas (also referred to as the "Texas action"). The Texas action has been pending for almost one year. This Court should apply the well established first to file rule and dismiss Plaintiffs' Complaint.

## II.

## BACKGROUND INFORMATION

The subject of the dispute between Plaintiffs and Stanbio involves microcuvettes used for individual, point-of-care hemoglobin testing. Hemocue has almost 100% of the United States hemoglobin microcuvette point-of-care testing market. This is due to a patent fence comprised of many patents which lawfully excluded competition for many years. Hemocue's broadest patent, U.S. Patent No. 4,088,448 (the '448 Patent), lawfully and effectively excluded competition in the microcuvette market until 1996, when the '448 Patent expired. As the expiration date for the '448 Patent approached, Hemocue attempted to keep its patent fence in place by filing patent applications on a minor change- a tapered inner channel in the microcuvette. This minor change led to U.S. Patent No. 5,674,457 (the '457 Patent) for a Capillary Microcuvette which issued on October 7, 1997.

Upon expiration of the '448 Patent, EKF-Diagnostic Sales GmbH ("EKF") and Stanbio entered into a distribution agreement for the importation and sale of microcuvettes based on the '448 patent in the United States. The microcuvettes imported and distributed by Stanbio compete with the Hemocue microcuvettes.

Faced with the potential of an infringement action over the '457 Patent should it sell or offer to sell the EKF microcuvettes, on October 29, 2003, Stanbio filed a declaratory relief action in the Western District of Texas seeking a declaratory judgment that the microcuvettes imported and distributed by Stanbio do not infringe the '457 Patent. (A copy of the Complaint filed in the Texas action is attached to the accompanying Request for Judicial Notice as Exhibit A.) In response, Hemocue filed a motion to dismiss the Texas action claiming there was no threatened litigation at the time Stanbio filed its Complaint and therefore, no controversy. The Court for the Western District of Texas disagreed. (A copy of the Memorandum and Recommendation to Deny

Hemocue's Motion to Dismiss, as well as the Order Accepting Recommendation of Magistrate Judge, is attached to the Request for Judicial Notice as Exhibit B.) However, prior to the Court ruling on the Motion, Plaintiffs filed this action.

Hemocue asserts claims of patent infringement and unfair competition against Stanbio based on the '457 Patent and Stanbio's distribution and sale of competing microcuvettes. The same patent, the same claims, the same product, the same issues and substantially the same parties are involved in both the California and Texas actions. As a result, this latter filed action should be dismissed.

**III.**

**ARGUMENT**

**A. The First To File Rule**

Under the first to file rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay or dismiss the second case in the interests of efficiency and judicial economy. *Alltrade, Inc. v. Uniweld Products,* 946 F.2d 622, 625, 628-29 (9th Cir. 1991); *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952). Indeed, a federal district court that has jurisdiction over all parties involved may even enjoin later filed actions involving the same parties and issues. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Seattle Totems Hockey Club, Inc. v. International Hockey League,* 652 F.2d 852, 854-56 (9th Cir. 1991), *cert. denied sub nom*; *Northwest Sports Enterprises v. Seattle Totems Hockey Club,* 457 U.S. 1105(1982)); *E.E.O.C. v. University of Pennsylvania,* 850 F.2d 969, 971 (3rd Cir. 1988).

The underlying purpose of the first to file rule is to promote efficiency, and it should not be disregarded lightly. *Church of Scientology v. United States Dept. of the Army,* 611 F.2d 738, 750 (9th Cir. 1979); *Alltrade, 946 F.2d at 625.* Considerations such as avoiding an unnecessary burden on the federal judiciary and avoiding conflicting judgments also favor application of the first to file rule. *Id.* Such considerations have favored application of the first to file rule in patent disputes where the risk of conflicting determinations as to a patent's validity and enforceability are

clear. *Pacesetter Sys., 678 F.2d at 96; Guthy-Renker Fitness v. Icon Health & Fitness*, 179 F.R.D. 264 (C.D. Cal. 1998)(denying motion filed by defendant in first filed declaratory judgment action asserting claims for invalidity/non-infringement of patents, seeking to transfer to forum of subsequent (second filed action), based on claim that prior declaratory judgment action was anticipatory). The rationale in these cases is equally applicable in this case.

The United States Court of Appeals for the Ninth Circuit articulated a three part test for determining whether to apply the first to file rule to dismiss or transfer an action in *Alltrade,* 946 F.2d at 625-626. Specifically, the Court stated that courts must look to three threshold factors in deciding whether to apply the first to file rule: (1) the chronology of the two actions; (2) the similarities of the parties; and (3) the similarity of the issues. *Id.; Guthy-Renker*, 179 F.R.D. at 270; *see also Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994)(recognizing that first to file rule is "well established" and allows district court to transfer, stay or dismiss action when similar complaint has been filed in another federal court, and granting motion to dismiss based on first to file rule); *Pacesetter Sys., Inc.*, 678 F.2d at 94-95.

If the three threshold factors set forth by the Ninth Circuit in *Alltrade* are satisfied, then the district court in which the subsequent action is filed should decline to hear the subsequent action, unless the plaintiff in that action can establish one of the limited exceptions to the first to file rule such as bad faith on the part of the plaintiff in the first-filed action, or that the first-filed action was an anticipatory suit filed solely for purposes of forum shopping. *Alltrade,* 946 F.2d at 628; *Guthy-Renker,* 179 F.R.D. 270. Here, Defendant can easily establish the three threshold factors set forth by the *Alltrade* Court. Moreover, none of the limited exceptions to the first to file rule are present, and there are no equitable considerations that would warrant declining to apply the first to file rule. Accordingly, this Court should grant Defendant's motion to dismiss, transfer and/or stay.

**B. <u>Defendant Was The First To File</u>**

The Texas action was filed on October 29, 2003, ***over eight months*** prior to the filing of this case on July 9, 2004. Hemocue appeared in the Texas action and filed a Motion to Dismiss for Lack of a Controversy on January 7, 2004. Without waiting for a ruling from the district court

in the Texas action, Hemocue filed this complaint on July 9, 2004. On September 3, 2004, the Honorable Nancy Stein Novak, Magistrate Judge for the Western District of Texas, issued a Memorandum and Recommendation to Deny Hemocue's Motion to Dismiss. The Court accepted that recommendation and formally denied Hemocue's Motion by Order dated September 29, 2004. (*See* Exhibit B to Stanbio's Request for Judicial Notice.) Accordingly, Hemocue cannot dispute that the Texas action was filed first.

**C. The Issues Involved In The First Action Are Identical To Those In This Action**

Stanbio and the Hemocue entities are parties to both the Texas and California actions. Both lawsuits involve United States Patent No. 5,674,457 (the '457 Patent) for a Capillary Microcuvette issued to Williamsson et al. on October 7, 1997, and assigned to Hemocue AB of Sweden. (Exhibit A, ¶ 7; Complaint, ¶ 14.) The Hemocue entities manufacture and market medical diagnostic products for point-of-care testing, including microcuvettes for hemoglobin testing. (Exhibit A, ¶ 9; Complaint, ¶¶ 13, 15.) Stanbio is a distributor of clinical diagnostic products, including microcuvettes for hemoglobin testing. The Stanbio microcuvettes are imported from EKF of Germany. (Exhibit A, ¶ 6; Complaint, ¶¶ 16-20.) Hemocue contends the EKF microcuvettes are covered by the '457 Patent and therefore, infringe that patent. Stanbio contends the microcuvettes do not infringe the '457 Patent and that the '457 Patent is invalid and unenforceable.

The issues involved in the California action are identical to the issues involved in the Texas action.[1] Indeed, if Stanbio's motion to dismiss, transfer and/or stay is not granted, there will be a significant risk of conflicting rulings involving the same issues and the same patent. There will also be duplication of effort and therefore, an unnecessary burden placed on the federal judiciary.

///

///

///

[1] The patent claims in a declaratory judgment action are the subject matter of the lawsuit.

**D. The Parties In This Action Are Substantially Similar To The Parties In The Texas Action**

In this later-filed California action, Hemocue sued both Stanbio and the alleged manufacturer of the microcuvettes in dispute, EKF Diagnostics GMBH.[2] Thus, all of the parties to the Texas action are also parties to this action.

EKF Diagnostic Sales has filed a lawsuit in the Western District of Texas against the Hemocue plaintiffs in this action. (*See* Exhibit C attached to the Request for Judicial Notice.) This second Texas action will undoubtedly be consolidated with the pending Texas action.

Whether EKF is a named party in the first filed Texas action or not, however, does not cut against application of the first to file rule. Complete identity of parties is unnecessary. *See British Telecommunications v. McDonnell Douglas Corp;* 1993 WL149860, *4 (N.D. Cal. 1993). There is a substantial overlap between the parties in this case and the parties to the Texas action.[3] Further, neither defendants are California corporations, and no argument can be made that either is only subject to suit in California, or that California is a more convenient forum for either defendant. In fact, EKF pleads in its Complaint that it has no contacts with California, clearly foreshadowing a challenge by EKF to this Court's exercise of personal jurisdiction over EKF. (*See* Exhibit C, ¶ 17.) Accordingly, Stanbio has satisfied all of the threshold factors set forth by the *Alltrade* Court.

**E. No Exceptions Or Equitable Considerations Should Preclude The Enforcement Of The First To File Rule**

As set forth above, once the three threshold factors established by the *Alltrade* Court have been met, the court should decline to hear the second-filed action, and should dismiss or transfer the action unless the plaintiff in the second-filed action can establish one of the limited exceptions

---

2 EKF Diagnostic GMBH is not the correct entity for purposes of this lawsuit. EKF Diagnostic GMBH does not manufacture or sell products in the United States. (*See* Complaint filed by EKF Diagnostic Sales GMBH against the Hemocue entities in the Western District of Texas on September 8, 2004, ¶ 13, attached as Exhibit C to the Request for Judicial Notice filed concurrently herewith.)

3 Given the recent filing of the declaratory judgment action by EKF, once the Texas cases are consolidated there will be a complete identity of parties to these actions.

to the first to file rule, or that equitable considerations favor the second forum notwithstanding the strong presumption in favor of the first forum. Hemocue cannot establish any of the limited exceptions to the first to file rule, and cannot establish that equitable considerations exist sufficient to rebut the presumed application of the first to file rule.

Courts have articulated a number of exceptions to the first to file rule, some of which are equitable in nature. For instance, when the later action has progressed substantially further than the first-filed action, efficiency considerations disfavor application of the first to file rule. *Church of Scientology*, 611 F.2d at 750. Other circumstances under which an exception to the first to file rule will be made include bad faith on behalf of the plaintiff in the first-filed action, or an anticipatory suit filed solely for the purpose of forum shopping. *Alltrade*, 946 F.2d at 628; *Guthy-Renker*, 179 F.R.D. at 270. Finally, in certain circumstances, courts will relax the application of the first to file rule if the balance of convenience clearly weighs in favor of the later filed action, notwithstanding the strong presumption in favor of the first-filed action. *Guthy-Renker*, 179 F.R.D. at 270; *Ward v. Follett Corp.*, 158 F.R.D. 645, 648.

Here, Hemocue cannot argue that this action has progressed further than the Texas action. Accordingly, there are no efficiency considerations which would weigh against applying the first to file rule. Similarly, Hemocue cannot establish bad faith on the part of Stanbio. While Hemocue may argue that the Texas action was merely an anticipatory lawsuit designed to defeat Hemocue's choice of forum, the facts do not support such a claim. A lawsuit is "anticipatory" for the purpose of being an exception to the first to file rule if the plaintiff in the first-filed action, filed suit on receipt of a specific, concrete indication that a lawsuit was imminent thus rendering the declaratory judgment action "anticipatory." *Ward*, 158 F.R.D. at 648; *Guthy-Renker*, 179 F.R.D. at 271. Any holding to the contrary would essentially render an action "anticipatory" merely because it is a declaratory judgment action, and that is simply not the law.

*Guthy-Renker* is instructive. In that case, defendant's legal counsel sent a letter to plaintiff notifying plaintiff of certain patents and encouraging further dialogue between the parties to avoid the selling of potentially infringing devices. Eighteen days later, plaintiff filed a lawsuit in the Central District of California seeking a declaratory judgment of non-infringement or invalidity.

The complaint also asserted a cause of action for tortious interference with prospective economic advantage. Plaintiff subsequently filed an amended complaint. Plaintiff did not serve defendant until 87 days later. One day after receiving service of the amended complaint, defendant filed a complaint for infringement against plaintiff and a third party in the Western District of Washington.

Defendant in the California action argued that the California action was anticipatory and was filed as a result of its counsel's "notice of suit" letter. The court in *Guthy-Renker* rejected this argument. Specifically, the court emphasized that the letter "expressly states that it was giving notice of the potential patent infringement in a attempt to avoid litigation." *Guthy-Renker*, 179 F.R.D at 271. The court further noted that the letter was merely "encouraging further dialogue to avoid the sale of infringing products . . . ." *Id.* Thus, the court concluded that the letter "neither provided nor intended to provide plaintiff with a specific, concrete indication of imminent suit . . . . Consequently, there are insufficient facts to disregard the 'first to file' rule on the basis that plaintiff filed its complaint as an anticipatory measure in response to the October 2, 1997 letter." *Id.*

The court also rejected the argument of the defendant in the California action that delay in service of 87 days was evidence of plaintiff's forum shopping tactics.

The reasoning of the court in *Guthy-Renker* is equally applicable here. Stanbio filed the Texas action after comments were made, among other things, by a high level executive at Hemocue AB that it may have to enforce its patent rights should EKF enter the microcuvette market in the United States. (*See* Affidavit of Berthold Walter, General Manager of EKF, ¶ 4, attached to Stanbio's Request for Judicial Notice as Exhibit D.) As Stanbio was preparing to distribute EKF microcuvettes, and given Hemocue's reputation for vigorous enforcement of its patent rights, Stanbio filed a declaratory judgment action against Hemocue in Texas.

As in *Guthy-Renker*, Hemocue never expressly threatened litigation. While Stanbio had a reasonable apprehension that it might eventually be sued if it proceeded to sell and/or offered to sell the GKF microcuvettes, it was not given a concrete indication of an immediate suit such that its filing of a declaratory judgment action can be deemed "anticipatory." In fact, given Hemocue's

position in the Texas action that there was no controversy between the parties in October 2003, Hemocue cannot, in good conscience, take the position in this case that the Texas action was anticipatory.

Finally, any argument by Hemocue that the balance of convenience weighs in favor of the California action is equally without merit. The facts in this case are very similar to the facts in *Chiron Corp. v. Advanced Chemtech, Inc.*, 869 F.Supp. 800 (N.D. Cal. 1994). In that case, the United States District Court for the Northern District of California granted a motion to dismiss and transfer based on the first to file rule. In *Chiron*, Chiron Corp. brought an action against defendants Advanced Chemtech, Inc., and Syn-Pep Corp., alleging that both defendants infringed a patent owned by Chiron. Advanced Chemtech filed a motion to sever and to dismiss, stay or transfer based on a prior action it had filed against Chiron in the United States District Court for the Western District of Kentucky ("the Kentucky action"), seeking a declaratory judgment that Chiron's patent was invalid, and damages arising out of various business torts that Chiron had allegedly committed. Thirteen days later, Chiron filed an action against Advanced Chemtech and Syn-Pep (which was not a party to the Kentucky action) alleging that both companies infringed the same patent at issue in the Kentucky action, as well as an additional patent.

In response to the motion to dismiss, transfer and/or stay, Chiron argued that the dispute should be adjudicated in the Northern District of California, because Advanced Chemtech improperly filed the Kentucky action, the Northern District of California promoted judicial and litigant economy, and precluding the action would be contrary to the interests of justice. The California court rejected all three arguments, stating: "generally, claims should be adjudicated in the forum of the first-filed action . . . ." *Chiron*, 869 F.Supp. at 801-02. The court further stated that Chiron had not presented sufficient grounds to have its action against Advanced Chemtech proceed in the Northern District of California. The court reasoned that Chiron had offered no evidence to demonstrate that the district is the superior forum in terms of jurisdiction over the necessary or desirable parties. The court also emphasized that it would be inconvenient for certain witnesses no matter where the action proceeded. The court noted that while Chiron's witnesses were concentrated in the Northern District of California, Advanced Chemtech's

witnesses principally resided on the east coast. The court stated that "under these circumstances, requiring the action to proceed here would do nothing more than shift the expense and inconvenience to Advanced Chemtech, making a transfer inappropriate. *Id.* at 802.

In the present case, only Hemocue USA is located in California. (Complaint, ¶¶ 1-4.) EKF is a German company with its principal place of business in Magdeburg, Germany. (*Id.* at ¶ 4.) Stanbio, on the other hand, is a Texas corporation with its principal place of business in Bourne, Texas. As for witnesses, EKF's witnesses are likely located in Germany, and Stanbio's witnesses in Texas. Although neither forum is convenient for EKF, a Texas forum is clearly more convenient for Stanbio. Given that a California forum simply shifts the cost burden from Hemocue to Stanbio, California clearly is not a more convenient forum for this litigation. As the court concluded in *Chiron,* these circumstances do not provide sufficient grounds to disregard the strong preference for application of the first to file rule.

## IV.

## CONCLUSION

Based on the foregoing, defendant Stanbio respectfully requests that the Court enter an order dismissing the Hemocue plaintiffs' Complaint. In the alternative, Stanbio requests that the Court enter an order transferring the case to the United States District Court for the Western District of Texas to be consolidated with Stanbio's pending Texas action. In the alternative, Stanbio requests the Court enter an order staying the California action pending a final determination, including the determination of any appeals, of the Texas action.

DATED: October 4, 2004

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: [signature]
Callie A. Bjurstrom
Attorneys for Defendant Stanbio Laboratory, L.P.

2000345.1

PROOF OF SERVICE

Hemocue AB v. Stanbio Laboratory, L.P., et al.

Case No. 04CV1378 BEN (AJB)

Judge: Honorable Roger T. Benitez

Dept: 3

I, Bunny Block, declare as follows:

I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is 600 West Broadway, Suite 2600, San Diego, California 92101-3372. I am over the age of eighteen years, and am not a party to this action.

On October 4, 2004, I served the following:

**Notice of Motion and Motion for Stanbio Laboratory, L.P. to Dismiss, Transfer and/or Stay; Memorandum of Points and Authorities in Support of Stanbio Laboratory, L.P.'s Motion to Dismiss, Transfer and/or Stay; and Request for Judicial Notice in Support of Defendant Stanbio Laboratory, L.P.'s Motion to Dismiss, Transfer and/or Stay**

on the interested parties in this action by:

XX **U. S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, for each address named on the attached service list for collection and mailing on the below indicated day following the ordinary business practices at Luce, Forward, Hamilton & Scripps LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

______ **OVERNIGHT MAIL:** I sent a copy via overnight mail, Airbill No. ______________.

______ **OVERNIGHT COURIER SERVICE:** I placed a copy in a separate envelope addressed to each addressee as indicated below, and caused such envelope(s) to be delivered via ______________.

______ **HAND DELIVERY:** I placed a copy in a separate envelope addressed to each addressee as indicated below, and delivered it to __________ for personal service.

______ **FACSIMILE:** I sent a copy via facsimile transmission to the telefax number(s) indicated below. The facsimile machine I used complied with California Rules of Court, Rule 2003 and no error was reported by machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

///

Gregory B. Wood, Esq.
Fulbright & Jaworski L.L.P.
865 South Figueroa St.
Twenty-Ninth Floor
Los Angeles, CA 90017-2576
Telephone: 213.892.9200
Facsimile: 213.680.4518
Attorneys for Plaintiff

Jody L. Factor, Esq.
FACTOR & LAKE, Ltd.
1327 W. Washington Blvd.
Suite 5G/H
Chicago, IL 60607
Telephone: 312.226.1818
Facsimile: 312.226.1919
Courtesy Copy

Mark H. Miller, Esq.
*(Pro Hac Vice Pending)*
Jackson & Walker LLP
112 E. Pecan St., Suite 2100
San Antonio, Texas 78205
Telephone: 210.978.7751
Facsimile: 210.978.7790
Attorneys for Defendant Stanbio Laboratory, L.P.

_____ **(STATE):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

XX **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at San Diego, California on October 4, 2004.

Bunny Block
BUNNY BLOCK